## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BESTWAY (USA), INC.** and **BESTWAY INFLATABLES & MATERIAL CORP.**, <br><br> Plaintiffs, <br><br> **v.** <br><br> **MERKURY INNOVATIONS, LLC**, <br><br> Defendant. | Civil Action No. 1:24-cv-3078 <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

Plaintiffs, Bestway (USA), Inc. and Bestway Inflatables & Material Corp. (collectively, "Bestway" or "Plaintiffs"), by and through their undersigned counsel, Connell Foley LLP and Dickinson Wright PLLC, hereby assert their Complaint against Defendant, Merkury Innovations, LLC ("Merkury" or "Defendant"), and hereby allege as follows:

## NATURE OF THE ACTION

1.      This case arises out of Defendant's unauthorized use and infringement of multiple, federally-registered trademarks owned and used by Bestway in violation of both federal and state law. Bestway's present claims for infringement of its federally-registered trademarks under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a)

of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of trademark infringement and unfair competition under the statutory and common laws of the State of New York, all arise from the Defendant's unauthorized use of Bestway's famous trademarks in connection with the manufacture, distribution, marketing, advertising, promotion, offering for sale, and/or sale of Defendant's co-called "H$_2$GLO" (or "H2GLO") line of inflatable pool floats, toys, and related goods.

2. Over the past 25 years, Bestway has manufactured and sold more than a billion consumer products. In fact, one in every fifty individuals worldwide interacts with at least one of Bestway's products every year. Among thousands of unique designs, Bestway's consumer products include, but are not limited to, commercially successful and well-known inflatable pools, floats, toys, waterslides, and other recreational water accessories. Consumers around the globe know Bestway's products as genuine, high-quality goods available for purchase both in-store and online—including at large retailers such as Wal-Mart, Target, Amazon, and through Bestway's own website, www.bestwayusa.com.

3. As further detailed herein, Defendant's "H2GLO" designation is substantially similar to a number of Bestway's federally-registered trademarks and Defendant's use of that designation to promote and sell inflatable products causes

2

harm to Bestway including in the State of New York. Among other relief, through this action, Bestway seeks damages, an Order compelling the disgorgement of profits obtained by Defendant through its infringement, and entry of preliminary and permanent injunctive relief in connection with Defendant's conduct.

4.      Bestway brings this lawsuit to protect the substantial goodwill that it has developed in its products and trademark-protected works and to stop Merkury from infringing upon the same.

## THE PARTIES

5.      Plaintiff Bestway (USA), Inc. ("Bestway (USA)") is a corporation organized and existing under the laws of the State of Arizona, having a principal place of business at 3411 East Harbour Drive, Phoenix, Arizona, 85034.

6.      Plaintiff Bestway Inflatables & Material Corp. ("Bestway Inflatables") is a company organized under the laws of the People's Republic of China, having a principal place of business at No. 208 Jin Yuan Wu Road, Shanghai, China, 201812.

7.      Bestway Inflatables is the owner of multiple famous trademarks used in connection with the marketing and sales of, *inter alia*, inflatable pools, pool floats, waterslides, and other pool-related products sold to consumers throughout the United States and around the world.

8.     Bestway's famous trademarks include, but are not limited to, the relevant H2O GO®, H2O GO!®, and H2OGO!® trademarks used in connection with certain of Bestway's pool-related inflatables and other water recreation products, which are sold throughout the United States by Bestway (USA).

9.     Upon information and belief, Defendant Merkury Innovations, LLC is a limited liability company organized under the laws of New York, having a principal place of business at 45 Broadway, Suite 350, New York, NY 10006.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367. As set forth in 15 U.S.C. § 1121, for example, "[t]he district and territorial courts of the United States shall have original jurisdiction...of all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties."

11.     This Court also has pendent jurisdiction over all remaining claims in accordance with 28 U.S.C. § 1367 as they arise out of the same set of underlying factual allegations.

4

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1400(a) and because Defendant has committed the acts complained of herein within this judicial district.

13.     This Court has personal jurisdiction over Merkury because, on information and belief, Merkury is a limited liability company organized under the laws of New York and maintains a principal place of business at 45 Broadway, Suite 350, New York, NY 10006.

14.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and/or 1400(a) because Defendant has committed acts of infringement and does business in this District.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

### A.     BESTWAY'S BUSINESS AND RELEVANT MARKS

15.     For over 25 years, Bestway has manufactured and sold a wide range of consumer products. Bestway offers over 1,000 products in four primary product segments: above-ground pools and portable spas, recreation products, sporting goods, and camping products. Bestway operates globally, including throughout the United States.

16.     In connection with certain of its pool-related inflatables and other water recreation products sold throughout the United States (and globally), Bestway

utilizes and owns a set of federally-registered trademarks, which are referred to collectively in this Complaint as its "H2OGO Marks" and/or the "Infringed Registered Marks." Bestway's relevant set of H2OGO Marks include: (i) its United States federal trademark registration for the mark H2O GO® (Reg. No. 4,741,874); (ii) its United States federal trademark registration for the mark H2O GO!® (Reg. No. 4,940,366); and (iii) its United States federal trademark registration for the mark H2OGO!® (Reg. No. 6,700,836).

17.    Through extensive advertising, marketing, and promotion efforts, Bestway has generated a significant amount of goodwill and consumer recognition in its H2OGO Marks. The established and continued success of Bestway's H2OGO brand affiliated with its H2OGO Marks can hardly be overstated. Amongst inflatable recreation products, it has been the largest selling brand in the United States for many years in a row and every year several H2OGO-branded products are among the top ten best-selling spring/summer products in in the United States.

18.    Bestway's H2O GO® mark (Reg. No. 4,741,874) is a standard character mark that was registered with the United States Patent and Trademark Office on May 26, 2015. Bestway's H2O GO® mark is registered for use in connection with inflatable toys, floats and recreational devices, namely, inflatable mats, lounges, islands, boats, rafts, balls, puppets, vehicles, structures and animals; toy kayaks;

inflatable pools; play swimming pools; water slides; inflatable play centers and activity centers; rideable objects, namely, toy vehicles in the shape of animals and vehicles; floating mattresses, lounges, mats, armchairs, seats and islands, all for recreational use; trampolines; inflatable toys in the nature of jumping tubes and castles; stand-up paddle boards and surfboards. A true and accurate copy of Bestway's H2O GO® trademark registration is attached hereto as **Exhibit A**.

19.    As illustrated below, Bestway's H2O GO!® mark (Reg. No. 4,940,366) is an illustration drawing which includes word(s)/letter(s)/number(s) consisting of the words "H2O GO!" surrounded by an image of splashing water:



20.    Bestway's H2O GO!® mark (Reg. No. 4,940,366) was registered with the United States Patent and Trademark Office on April 19, 2016 for use in connection with inflatable toys, floats and recreational devices, namely, inflatable mats, lounges, islands, boats, rafts, balls, puppets, vehicles, structures and animals; toy kayaks; inflatable pools; play swimming pools; water slides; inflatable play centers and activity centers; rideable objects, namely, toy vehicles in the shape of

animals and vehicles; floating mattresses, lounges, mats, armchairs, seats and islands, all for recreational use; trampolines; inflatable toys in the nature of jumping tubes and castles; stand-up paddle boards and surfboards. A true and accurate copy of Bestway's H2O GO!® trademark registration is attached hereto as **Exhibit B**.

21.     Bestway's H2OGO!® mark (Reg. No. 6,700,836) is a standard character mark that was registered with the United States Patent and Trademark Office on April 12, 2022. Bestway's H2OGO!® mark is registered for use in connection with inflatable swimming pools, water slides, swim trainers in the nature of swim tubes, baby seats and pool noodles, inflatable back yard toys, floats in the nature of floats for swimming, inflatable toys, floats in the nature of floats for swimming and recreational devices in the nature of floats for swimming, inflatable and floating mats in the nature of inflatable mattress swimming floats for recreational use, lounges in the nature of floating recreational lounge chairs, islands in the nature of inflatable mattress swimming floats for recreational use, ride-on toys with animals, vehicles in the nature of rideable toy vehicles and other shapes in the nature of rideable toy vehicles, inflatable outdoor activity play sets in the nature of jumping tubes, bouncers and castles. A true and accurate copy of Bestway's H2OGO!® trademark registration is attached hereto as **Exhibit C**.

22.    Bestway has been using its set of H2OGO Marks in connection with its highly-successful pool-related inflatables and other water recreation products since at least as early as May 2014.

23.    Bestway promotes its pool-related inflatables and other water recreation products identified by the H2OGO Marks in Bestway's catalogs, at Bestway's website (accessible at bestwayusa.com), through its social media channels, including on Facebook and Instagram, and on its relevant product packaging.

24.    The products identified by the H2OGO Marks are available for sale in various retail locations around the United States (and globally), and online through general online retailers like Amazon.com as well as through specialty websites.

25.    Bestway has expended considerable resources in the protection, enforcement, advertising, and marketing of its H2OGO Marks.

26.    By virtue of this extensive and exclusive use, the H2OGO Marks maintain substantial goodwill and are well known throughout the United States (and globally) as designating certain of Bestway's pool-related inflatables and other water recreation products.

### B.   DEFENDANT'S INFRINGEMENT AND UNAUTHORIZED USE

27.   Upon information and belief, Defendant Merkury introduced its "H2GLO" product-designation name (hereinafter, the "Infringing Mark") in or around the fall of 2023 to identify inflatable products substantially similar to those that Bestway sells under its H2OGO Marks. Such products include, but are not necessarily limited to, light-up and inflatable pool floats, floating pool lights, and other pool-related products.

28.   For example, as shown below, Defendant Merkury uses the Infringing Mark to identify products such as inflatable pool tubes and other inflatable pool floats:



*Defendant's "H2GLO" Inflatable Pool Tube Product*



*Defendant's "H2GLO" Inflatable Light Up Ball Product*

29.     As shown in the examples set forth below, Bestway uses its H2OGO Marks to identify substantially similar pool-related inflatables and other water recreation products:




*Example 1 of Bestway's H2OGO Inflatable Products*



*Example 2 of Bestway's H2OGO Inflatable Products*



*Example 3 of Bestway's H2OGO Inflatable Products*



*Example 4 of Bestway's H2OGO Inflatable Products*

30.     As shown below, another example of Defendant's use of the Infringing Mark includes use to identify inflatable pool floats that are shaped like animals, much like a number of inflatable products marketed and sold by Bestway bearing the H2OGO Marks:



| *—Defendant's Product—* |
|---|
|  |

31.     Upon information and belief, Defendant's selection of the name "H2GLO" to advertise and sell such similar inflatable pool tubes and other inflatable pool floats (as shown by way of examples above) and other inflatable products is intended to create the false impression among consumers that these products originate from Bestway, or that Bestway sponsors or endorses these products.

32.     A general search for "h2glo" by itself on Walmart.com, for example, yields a mix of Bestway products and those of Defendant, as shown below:



*Example "h2glo" search results on Walmart.com*

33.     Defendant purposefully directs the Infringing Mark and its associated products to the state of New York via distribution with "big box" commercial franchises located therein.

## COUNT I: VIOLATION OF 15 U.S.C. § 1114 – INFRINGEMENT OF FEDERALLY REGISTERED TRADEMARKS

34.     Bestway hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35.     Defendant's continued use of the Infringing Mark in commerce in connection with the offering for sale of products that is likely to cause, and has in fact caused, confusion, mistake, or deception.

16

36.     Defendant has and is continuing to reproduce, copy, and colorably imitate the H2OGO Marks and apply such reproduction, copy, and colorable imitation to products and/or advertisements intended to be used in commerce in connection with the offering for sale of goods in a way that is likely to cause confusion, mistake, or deception.

37.     Defendant does not have permission to use the Infringing Mark.

38.     The actions alleged in this Complaint were committed with knowledge that such imitation by the Infringing Mark does, and was intended to, cause confusion, to cause mistake, or to deceive.

39.     Defendant's use of the Infringing Mark is willful.

40.     As a result of the unlawful conduct of Defendant, including the use of the Infringing Mark, Bestway has been damaged, has suffered irreparable harm, and is likely to continue to suffer irreparable harm unless Defendant's actions are enjoined by this Court.

41.     Bestway is entitled to, among other relief, injunctive relief and an award of its actual damages (or in the alternative, statutory damages pursuant to 15 U.S.C. § 1117(c)), Defendant's profits, enhanced damages and profits, costs, and attorneys' fees.

## COUNT II: VIOLATION OF 15 U.S.C. § 1125(a) – FALSE DESIGNATION OF ORIGIN AND FALSE OR MISLEADING DESCRIPTION OF FACT

42.     Bestway hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

43.     Defendant's actions as set forth in this Complaint and Defendant's unlawful use of the Infringing Mark, individually and in combination, violate 15 U.S.C. § 1125(a).

44.     Defendant has used and is continuing to use the Infringing Mark without approval and in a manner that is likely to cause confusion.

45.     Defendant used and is continuing to use the Infringing Mark without approval and in a manner that is deceptive as to the affiliation, connection, or association of Defendant with Bestway.

46.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

47.     Defendant used and is continuing to use words, terms, and names likely to confuse or deceive individuals into believing that the goods Defendant is selling come from Bestway, or that Bestway sponsors or approves of the goods.

48.     Upon information and belief, Defendant's conduct is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

49.     As a result Defendant's conduct, Bestway has incurred losses to its business and to the value of its marks, lost sales, loss of goodwill, and other losses for which Bestway is entitled to money damages pursuant to 15 U.S.C. § 1125.

50.     Bestway is entitled to, among other relief, injunctive relief and an award of its actual damages, Defendant's profits, enhanced damages and profits, costs, and attorneys' fees.

## COUNT III: VIOLATION OF 15 U.S.C. § 1125(c) – TRADEMARK DILUTION

51.     Bestway hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

52.     Bestway owns valid and existing rights in the H2OGO Marks.

53.     Through long-standing and continued use, product promotion, and widespread consumer recognition, the H2OGO Marks have become famous. Bestway's H2OGO Marks are distinctive and "famous marks" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

54.     Long after the H2OGO Marks became famous, Defendant began using the Infringing Mark to promote its own pool-related products, including inflatable

19

pool products, and to obtain revenue through the use of the substantially similar and/or confusing "H2GLO" name.

55.     Defendant denigrates and demeans the quality of the products with which the H2OGO Marks are associated.

56.     Through its use of the Infringing Mark, Defendant is improperly creating a false impression regarding the quality and source of the products associated with the H2OGO Marks by using a substantially similar and/or confusing name to identify identical products. This false impression is likely to cause dilution of the strong goodwill that Bestway has built in its H2OGO Marks, in violation of 15 U.S.C. § 1125(c).

57.     Defendant's actions have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Bestway's famous H2OGO Marks.

58.     Defendant's actions are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Bestway irreparable damage and will, unless enjoined, continue to so damage Bestway, which has no adequate remedy at law.

59.     Bestway is entitled to, among other relief, injunctive relief and an award of its actual damages, Defendant's profits, enhanced damages and profits, costs, and attorneys' fees.

## COUNT IV: TRADEMARK INFRINGEMENT
## UNDER NEW YORK COMMON LAW

60.     Bestway hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

61.     Through its actions described above, Defendant has engaged in trademark infringement in violation of the common law of the State of New York.

62.     As a result of Defendant's illegal conduct, Bestway has been damaged, has suffered irreparable harm, and is likely to continue to suffer irreparable harm unless Defendant's actions are enjoined by this Court.

## COUNT V: UNFAIR COMPETITION UNDER NEW
## YORK COMMON LAW

63.     Bestway hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

64.     Through its actions described above, Defendant has engaged in unfair competition in violation of the common law of the State of New York.

65.     As a result of Defendant's illegal conduct, Bestway has been damaged, has suffered irreparable harm, and is likely to continue to suffer irreparable harm unless Defendant's actions are enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Bestway respectfully requests that this Honorable Court:

A.     Enter judgment against Defendant finding:

   i.     Defendant has engaged in willful and intentional trademark infringement in violation of 15 U.S.C. § 1114;

   ii.    Defendant has engaged in willful and intentional acts of false designation of origin and false or misleading description of fact in violation of 15 U.S.C. § 1125;

   iii.   Defendant has engaged in willful and intentional acts of trademark dilution in violation of 15 U.S.C. § 1125;

   iv.    Defendant has engaged in willful and intentional trademark infringement and unfair competition in violation of New York common law;

B.     Issue preliminary and permanent injunctions prohibiting Defendant and each of its agents, servants, employees, attorneys, and any other persons who are in active concert or participation with Defendant from:

      i.    Infringing upon Bestway's H2OGO Marks;

     ii.    Engaging in further actions to interfere with Bestway's rights in its H2OGO Marks; and

    iii.    Continuing to distribute the "H2GLO" products.

C.    Requiring Defendant to disclose any manufacturer(s) and other partner(s) involved in the production, distribution, or marketing of the infringing "H2GLO" products;

D.    Requiring Defendant to account for profits;

E.    Award Bestway its actual damages, or in the alternative, statutory damages pursuant to 15 U.S.C. §1117(c) and (d);

F.    Award Bestway the costs associated with bringing this action;

G.    Award Bestway interest and reasonable attorneys' fees; and

H.    Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Bestway hereby demands a trial by jury of all issues so triable.

DATED this 22nd day of April 2024

Respectfully submitted,

**CONNELL FOLEY LLP**

Margot N. Wilensky (MW-3181)
MWilensky@connellfoley.com
875 Third Avenue, 21st Floor
New York, NY 10022
Tel: (212) 307-3700

**DICKINSON WRIGHT PLLC**

John S. Artz (*pro hac vice forthcoming*)
Jonathan D. Nikkila (*pro hac vice forthcoming*)
JSArtz@dickinson-wright.com
JNikkila@dickinson-wright.com
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
Tel: (734) 623-7075

*Attorneys for Plaintiffs Bestway (USA) Inc., and Bestway Inflatables and Material Corp.*

24